**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **Ronald Chappell,** ) | **CASE NO. 4:15 CV 1275** |
| ) | |
| Petitioner, ) | **JUDGE PATRICIA A. GAUGHAN** |
| ) | |
| v. ) | |
| ) | **Memorandum of Opinion and Order** |
| **Donald Morgan, Warden** ) | |
| ) | |
| Respondent. ) | |

## INTRODUCTION

*Pro se* Petitioner Ronald Chappell filed the above-captioned Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241.  Petitioner is serving a five year sentence in the Southern Ohio Correctional Facility ("SOCF"), having been convicted in 2012 in the Mahoning County Court of Common Pleas on three counts of harassment and one count of vandalism.  In his Petition, he asserts that the trial court's journal entry from his sentencing specifically identifies the Lorain Correctional Institution ("LORCI") as the prison at which he would serve his sentence.  He indicates he was unfairly convicted of serious conduct violations, which led to an increase in his security classification and his transfer to SOCF.  He contends he was denied due process and has been subjected to cruel and unusual punishment because he is not serving his sentence at LORCI.  He asks this Court to "deliver [him] from this custody of respondent." (ECF No. 13).

**BACKGROUND**

Petitioner was sentenced in 2012 to five years in prison by the Mahoning County Court of Common Pleas.  He claims his sentencing entry specifically states he is to serve his sentence in LORCI.  Petitioner does not indicate where he began to serve his sentence but states he was incarcerated in the Mansfield Correctional Institution ("MANCI") in 2013.  Some time after his arrival at MANCI, he was placed in local control segregation for a "significant rule violation" that occurred on July 30, 2013.  (ECF No. 1-3 at 1).  Petitioner does not clarify what conduct he was alleged to have committed which led to his placement in local control.  That "significant rule violation" prompted his transfer to SOCF on December 2, 2013.

It appears Petitioner received two addition conduct reports at SOCF, based on incidents that occurred on December 24, 2013 and February 13, 2015.  (ECF No. 13 at 3).  He also does not elaborate on the nature of these charges, but claims the incidents were captured on the prison's video surveillance camera.  He alleges that this video footage will prove the staff members are not reporting the events accurately.

Petitioner claims he should not be serving any part of his sentence at SOCF.  He asserts he was specifically sentenced to incarceration at the Lorain Correctional Institution, and his transfer to SOCF on an increased security classification denied him due process and subjected him to cruel and unusual punishment.

**STANDARD OF REVIEW**

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions."  28 U.S.C. § 2241(a).  Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus

to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting Section 2241(c)). Because Petitioner is appearing *pro se*, the allegations in his Petition must be construed in his favor, and his pleadings are held to a less stringent standard than those prepared by counsel. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). However, this Court may dismiss the Petition at any time, or make any such disposition as law and justice require, if it determines the Petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987); *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding district courts have a duty to "screen out" petitions lacking merit on their face under Section 2243).

### **DISCUSSION**

Petitioner does not challenge his conviction or sentence. Instead, he challenges his continued incarceration in SOCF, a close security to maximum security facility. Petitioner argues that he is entitled to be assigned to LORCI, a minimum security to close security facility. He claims his sentencing entry specifically stated he would be incarcerated at LORCI. He contends he cannot be incarcerated in any other facility without due process of law. He also claims his incarceration in SOCF at an increased security level subjects him to cruel and unusual punishment.

Title 28 U.S.C. § 2241 grants federal district courts jurisdiction over writs of habeas corpus for state prisoners only where they allege they are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. 2241(c)(3). Title 28 U.S.C. § 2241 "is reserved for challenges to the execution of a sentence, such as the computation of parole or sentence credits." *Velasco v. Lamanna*, 16 Fed. Appx. 311, 314 (6th Cir. 2001). It

may not be used to challenge the validity of the conviction or prisoner's conditions of confinement. *Id.*

Petitioner's challenge to his security classification and resulting incarceration in a more secure facility are not cognizable in a habeas action under either 28 U.S.C. § 2241 or under 28 U.S.C. § 2254 because they are challenges to his conditions of confinement, not to the fact or duration of his incarceration. *See Reid v. Mackie*, No. 11 CV 14215, 2011 WL 5075723, at *1-2 (E.D. Mich. Oct. 26, 2011)(finding Petitioner could not challenge his transfer to a higher security level facility in a § 2241 habeas petition). *See also McCall v. Ebbert*, 384 Fed. Appx. 55, 57–58 (3d Cir. June 21, 2010) (holding that petitioner's challenges to security classification and resulting prisoner transfer were challenges to conditions of confinement and not cognizable under § 2241); *McCarthy v. Warden, USP Lewisburg*, 417 Fed. Appx. 128, 129–30 (3rd Cir. Mar.14, 2011) (challenge to prison transfer does not give rise to habeas action). The essence of habeas corpus is "an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). The Sixth Circuit has held that a district court should dismiss without prejudice a § 2241 habeas petition when the Petition does not challenge the fact or duration of the Petitioner's imprisonment. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (holding that state prisoner who sought a transfer to a different prison facility for purposes of medical treatment incorrectly invoked Section 2241 instead of bringing a civil rights action under 28 U.S.C. § 1983). Petitioner here attacks the conditions of his confinement, rather than the fact or duration of his confinement pursuant to the state judgment and, therefore, his claim is not cognizable in habeas.

Even if the claim were properly brought as a habeas action, it would still lack merit. Prisoners do not have a constitutional right to be incarcerated in a particular facility or to be held in a specific security classification. *See Olim v. Wakinekona*, 461 U.S. 238, 245-46 (1983) (holding that inmate has no justifiable expectation of being incarcerated in a particular facility); *Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976) (noting "no due process protections [are] required upon the discretionary transfer of state prisoners to a substantially less agreeable prison, even where that transfer visited a 'grievous loss' upon the inmate"); *Meachum v. Fano*, 427 U.S. 215, 224 (1976) (no federal constitutional right to incarceration in any particular prison or portion of prison). Petitioner has no liberty interest in a specific security classification level, particularly when he was found guilty of several serious conduct violations. Although Petitioner disputes the evidence used to convict him of those conduct violations, his rights under the Due Process Clause were not violated by his transfer to a different prison at a higher security classification. *See Norton v. Tenn. Dept. of Corr.*, No. 2:10–cv–839, 2010 WL 3733540, *2 (M.D. Tenn. Sept. 7, 2010) (prisoner has no liberty interest in particular security level or classification).

**CONCLUSION**

For all the foregoing reasons, Petitioner's Application to Proceed *In Forma Pauperis* (ECF No. 5) is granted, his Motion for Preliminary Injunction and Temporary Restraining Order (ECF No. 17) is denied, the Petition (ECF No. 13) is denied and this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, the Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good

faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed.R.App.P. 22(b).

      IT IS SO ORDERED.

                                                    /s/ Patricia A. Gaughan
                                                   PATRICIA A. GAUGHAN
                                                   United States District Judge

Dated: 8/31/15